UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brett Thomas Green,

    Plaintiff,

v.

Kevin Monio, Bradley Gross, Sarah
Anderson, Aaron Johnson, James Frick,
James Lange, Michael Costello, Kent
Grandlienard, Nathaniel Fritz, and the
Night Staff of 08/03/2013 in Complex 5
of MCF 2 – OPH,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-859 ADM/SER

_____

Brett Thomas Green, pro se.

Jonathan D. Moler, Assistant Minnesota Attorney General, St. Paul, MN, on behalf of Defendants Kevin Monio, Bradley Gross, Sarah Anderson, Aaron Johnson, James Lange, Michael Costello and Kent Grandlienard.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Brett Thomas Green's Objections [Docket No. 64] to Magistrate Judge Steven E. Rau's February 8, 2016 Report and Recommendation [Docket No. 63] ("R&R"). In the R&R, Judge Rau recommends granting Defendants Kevin Monio, Bradley Gross, Sarah Anderson, Aaron Johnson, James Lange, Michael Costello, and Kent Grandlienard's (collectively, the "DOC Defendants") Motion for Summary Judgment [Docket No. 35]. The rationale for the ruling is the Plaintiff's failure to exhaust his administrative remedies. The R&R also recommends that Defendants Nathaniel Fritz, James Frick, and the Night Staff of 08/03/2013 in Complex 5 of MCF 2 – OPH be dismissed without prejudice. After a de novo review of the record, and for the

reasons stated below, Petitioner's Objections are overruled and the R&R is adopted.

## II.  BACKGROUND

Plaintiff is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota.  He filed this action under 28 U.S.C. § 1983 following his physical altercation with fellow inmate Nathaniel Fritz during which Plaintiff was injured with a razor blade.  Plaintiff alleges that the DOC Defendants failed to protect him by, among other things, failing to notice that Fritz kept a razor blade and failing to timely intervene in the fight.  Compl. [Docket No. 1] 5–6.  Additionally, Plaintiff alleges that Warden Kent Grandlienard failed to protect him because he failed to train his staff, failed to enforce policies and the law, and failed to ensure the overall safety of those in his care and the care of his staff.  Id. at 6.  Plaintiff contends that the DOC Defendants violated his Sixth and Eighth Amendment rights and that Fritz violated his Sixth Amendment rights.  Id. at 1, 6.  Plaintiff seeks monetary damages.  Id. at 5.

The DOC Defendants moved for summary judgment.  Judge Rau granted the motion, finding that Plaintiff failed to exhaust his administrative remedies because he did not submit a formal grievance to MCF-OPH's grievance coordinator or to the DOC's Central Office.[1]

Plaintiff objects to the R&R, arguing that he was denied access to the grievance process. He alleges he was informed that because he had pleaded guilty to the discipline proceedings regarding the fight, he could not file a grievance.  Plaintiff also argues that the DOC Defendants

---

[1] Judge Rau also determined that the Complaint failed to state a § 1983 claim against Fritz, and that Frick and the Night Staff had not been served with the Complaint.  Therefore, Judge Rau recommended that the claims against Fritz, Frick, and the Night Staff be dismissed without prejudice. R&R at 11–13.  Plaintiff does not specifically object to this finding and conclusion.

are not protected from liability by qualified immunity.

The DOC Defendants have filed a Response [Docket No. 65] arguing that Plaintiff does not respond to why Judge Rau's exhaustion analysis was incorrect, and that Plaintiff has provided no evidence that any DOC Defendants interfered with the grievance process in any way.

### III.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

As the R&R correctly notes, the Prison Litigation Reform Act of 1995 ("PLRA") prohibits a prisoner from bringing a claim under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).  Exhaustion is mandatory, even if a prisoner seeks monetary relief that is not available through the grievance procedure. Booth v. Churner, 532 U.S. 731, 741 (2001).  An inmate will only be excused from complying with an institution's grievance procedures "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (internal citation omitted).

Here, Judge Rau correctly found that prison officials did not prevent Plaintiff from utilizing the grievance procedures.  Although Plaintiff says he "was told" that he could not file a grievance, he does identify who told him this information, much less whether it was a prison

official. More importantly, Plaintiff has provided no evidence that he made any effort to initiate the grievance procedures. Indeed, he avers that he chose not to file a grievance because the grievance procedures would not have provided him with the money damages he sought. Compl. at 5.

As Judge Rau recognized, this case is similar to Gibson, where three prisoners argued that they were excused from complying with the exhaustion requirement because unnamed prison and healthcare personnel had "made it clear" that all complaints regarding medical care should be voiced informally to medical personnel. Gibson, 431 F.3d at 341. The Eighth Circuit rejected that argument because the prisoners "presented no evidence that any prison official thwarted an attempt to initiate the [grievance] procedures or that any official made it impossible for them to file grievances." Id. Because such evidence is also lacking here, Plaintiff's Objections are overruled and the R&R is adopted in its entirety.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Brett Thomas Green's Objections [Docket No. 64] to Magistrate Judge Steven E. Rau's February 8, 2016 Report and Recommendation [Docket No. 63] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 63] is **ADOPTED**;

3. Defendants Kevin Monio, Michael Costello, James Lange, Bradley Gross, Sarah Anderson, Aaron Johnson, and Kent Grandlienard's Motion for Summary Judgment [Docket No. 35] is **GRANTED**; and

4. Defendants Nathaniel Fritz, James Frick, and the Night Staff of 08/03/2013 in Complex 5 of MCF 2 – OPH are DISMISSED without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


 s/Ann D. Montgomery 
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 17, 2016.